JAMES F. CRUISE AND JAYNE M. CRUISE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cruise v. Commissioner
Docket No. 29794-91
United States Tax Court
T.C. Memo 1992-688; 1992 Tax Ct. Memo LEXIS 732; 64 T.C.M. (CCH) 1421; December 2, 1992, Filed *732 James F. Cruise and Jayne M. Cruise, pro se. For Respondent: Thomas R. Lamons and Blaise Gately. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. On November 15, 1990, James F. Cruise and Jayne M. Cruise (petitioners) executed a Form 870 waiving restrictions on assessment and collection of deficiencies in tax (arising from unreported income) for the taxable years 1985, 1986, and 1987, in the amounts of $ 79,764, $ 26,607, and $ 45,235, *733 respectively. In a notice of deficiency dated September 26, 1991, respondent determined the following additions to petitioners' Federal income tax: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
6653(b)(1)(B)
6661
1985
$ 39,882
50% of the
--
--
$ 19,941
interest due
on $ 79,764
1986
--
--
$ 19,955
50% of the
6,652
interest
due on
$ 26,607
1987
--
--
33,926
50% of the
11,309
interest
due on
$ 45,235
A timely petition was filed on December 19, 1991. At the time of filing the petition herein, petitioners resided in Los Alamitos, California. Respondent's answer to the petition makes affirmative allegations of fact in support of the determination that petitioners had unreported income and are liable for the additions to tax for fraud pursuant to section 6653(b)(1) and (2). [2] Petitioners did not file a reply and respondent filed a motion for the entry of an order that the undenied allegations in the answer to the petition be deemed admitted under Rule 37(c). The Court notified petitioners of the filing of this motion, and advised them that if they did not file *734 a reply to respondent's affirmative allegations of fact, the motion would be granted. Petitioners did not file a reply or response; thus, respondent's motion was granted and the affirmative allegations of fact were deemed admitted. The following facts in respondent's answer to the petition were deemed admitted under Rule 37(c): (a) During the taxable years 1985, 1986 and 1987, Petitioner James F. Cruise, aka Jay Cruise, was engaged in the trade or business of roofing buildings. Mr. Cruise conducted his business through a sole proprietorship called J.C. Roofing Company, and purported to report items of income and deductions relating to that activity on Schedule C's attached to his individual income tax returns (Form 1040) for each of said taxable years. (b) In addition to the amounts of gross receipts reported by the petitioners on their Schedule C's relating to J.C. Roofing Company, the petitioners received payments for services performed in the amounts as follows: *735 1985:
$ 184,842.00
1986:
72,453.00
1987:
129,417.00
Petitioners failed to report these amounts of gross receipts as income upon the Schedule C's relating to J.C. Roofing Company which were appended to their individual income tax returns for each of the years in question. (c) During each of the taxable years in question, the petitioners failed to maintain complete and accurate records of their income-producing activities. (d) The petitioners failed to provide to the respondent complete and accurate records relating to their income-producing activities during the course of the examination. (e) The petitioners' failure to maintain complete and accurate records of their income-producing activities and their failure to produce complete and accurate records to the respondent in connection with the examination of petitioners' income tax returns for the taxable years 1985, 1986, and 1987 was fraudulent with intent to evade tax. (f) Petitioners fraudulently and with intent to evade tax omitted from their income tax return for the taxable year 1985 $ 184,842.00 of income. (g) Petitioners fraudulently and with intent to evade tax understated their income tax liability on their *736 1985 individual income tax return as follows: Income tax
$ 76,549.00
Self-employment tax
4,673.00
Total
$ 81,222.00
Less:
Tax reported on return
$  1,458.00
Deficiency
$ 79,764.00
(h) Petitioners fraudulently and with intent to evade tax omitted from their income tax return for the taxable year 1986 $ 72,453.00 of income. (i) Petitioners fraudulently and with intent to evade tax understated their income tax liability on their 1986 individual income tax return as follows: Income tax
$ 23,874.00
Self-employment tax
5,166.00
Total
$ 29,040.00
Less:
Tax reported on return
$  2,433.00
Deficiency
$ 26,607.00
(j) Petitioners fraudulently and with intent to evade tax omitted from their income tax return for the taxable year 1987 $ 129,417.00 of income. (k) Petitioners fraudulently and with intent to evade tax understated their income tax liability on their 1987 individual income tax return as follows: Income tax
$ 42,835.00
Self-employment tax
5,387.00
Total
$ 48,222.00
Less:
Tax reported on return
$  2,987.00
Deficiency
$ 45,235.00
(1) The entire underpayment of tax required to be shown on petitioners' returns for the taxable *737 years 1985, 1986 and 1987 is due to fraud.
When the instant motion was called for hearing at a motions session of the Court in Washington, D.C., there was no appearance by or on behalf of petitioners. Counsel for respondent appeared at the hearing and presented argument on the motion. Rule 121 provides that a party may move for summary judgment upon all or a part of the legal issues in controversy. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. ; . The moving party bears the burden of proving that there is no genuine issue of material fact. . Factual inferences are read in a light most favorable to the party opposing summary judgment. ; . *738 Respondent determined that petitioners are liable for the addition to tax for substantial understatement of income tax pursuant to section 6661(a). Respondent's determination is presumed to be correct and petitioners have the burden to establish error. Rule 142(a); ; . The admitted facts show that, during the years at issue, petitioner James F. Cruise was self-employed as a roofing contractor. The material factual allegations contained in respondent's answer to the petition and admitted under Rule 37(c) establish that there were large amounts of omitted income in each of the years in issue. Petitioners do not dispute that they failed to report taxable income for each of the years at issue and in fact executed a Form 870 agreeing to the immediate assessment of deficiencies arising from the unreported income. The admitted facts herein also leave no question as to petitioners' liability for the addition to tax pursuant to section 6661(a). Section 6661(a) imposes an addition to tax of 25 percent of the amount of any underpayment *739 of income tax attributable to a substantial understatement. See . A substantial understatement occurs where the amount of the understatement exceeds the greater of 10 percent of the correct tax liability or $ 5,000. Sec. 6661(b). Based on the admitted facts, there is no question that there is a substantial understatement of tax for each of the years in dispute. Thus, respondent is entitled to summary judgment with respect to the addition to tax under section 6661(a). As previously indicated, respondent further determined that the underpayments of income tax were due to fraud and that petitioners are liable for the additions to tax for fraud under section 6653(b)(1) and (2). [3] Respondent bears the burden of proving by clear and convincing evidence that petitioners are liable for the additions to tax for fraud. Sec. 7454(a); Rule 142(b). Fraud is a question of fact and is never presumed. . Respondent's burden is met if it is established that petitioners intended to evade taxes known to be owing or by proving conduct designed *740 to conceal, mislead, or otherwise prevent the collection of such taxes. , affg. ; , modified . Respondent's burden of proving fraud can be met by respondent's well-pleaded allegations of fact deemed admitted pursuant to Rule 37(c). . [4]
*741 The facts admitted pursuant to Rule 37(c) satisfy respondent's burden to establish fraud by clear and convincing evidence. Petitioners obviously were aware of their duty and responsibility to file tax returns annually and of their duty to report all taxable income received during the applicable period. In spite of that knowledge, petitioners failed to fully report their taxable income for the years in question. While a mere understatement of income does not conclusively establish fraud, a consistent pattern of understatement of substantial amounts of income over a period of years is not a mere understatement and is persuasive evidence of a fraudulent intent to evade taxes. ; . Other factors present in this record which establish fraud include petitioners' failure to maintain complete and accurate records of their income-producing activities as well as their failure to provide such records to respondent during the course of the examination. ; *742 . Accordingly, the deemed admitted facts clearly and convincingly establish that for each of the taxable years 1985, 1986, and 1987, an underpayment of tax exists and that part of the underpayment is due to fraud with the intent to evade tax. See , affd. . Since no issue of material fact exists with respect to petitioners' liability for additions to tax for fraud, respondent is entitled to summary judgment on that issue. Respondent's motion for summary judgment will be granted as to all issues. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 6653(b)(1)(A) and (B) for 1986 and 1987.↩
3. Sec. 6653(b)(1)(A) and (B) for 1986 and 1987.↩
4. See also ; ; ; ; ; ; ; .↩